Marina Lang, No. 251,087 mlang@socalip.com
Michael D. Harris, No. 59,470 mharris@socalip.com
Brian Tamsut, No. 322,780, btamsut@socalip.com
SoCal IP Law Group llp
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805) 230-1355

Attorneys for Plaintiff Athena Cosmetics, Inc.

# United States District Court

## Central District of California – Western Division

| | |
|---|---|
| Athena Cosmetics, Inc.,<br><br>    Plaintiff,<br><br>    v.<br><br>Timbo Trading Co., a California coporation, Yatong Zou, an individual, Longting Lin, an individual and Does 1-10,<br><br>    Defendants. | No. 5:20-cv-418<br><br>Complaint for Damages:<br>(1) Federal Trademark Counterfeiting [15 U.S.C. § 1117(b); (2) Federal Trademark Infringement [15 U.S.C. § 1114]; (3) Contributory Trademark Counterfeiting and Infringement [15 U.S.C. § 1117(b) & U.S.C. § 1114; (4) False Designation of Origin, Unfair Competition, False or Misleading Advertising [15 U.S.C. § 1125(a)]; (5) Unfair Business Practices [California Common Law].<br><br>Demand for Jury Trial |

Plaintiff Athena Cosmetics, Inc. ("Plaintiff" or "Athena") for its complaint against defendants alleges:

## First Claim for Relief

### Trademark Counterfeiting (15 U.S.C. § 1117(b)

**A.  Subject Matter Jurisdiction**

1.  This claim for relief arises under the Lanham Trademark Act, 15 U.S.C. §§ 1051-1127.

2.  This court has subject matter jurisdiction over this claim for relief under 28 U.S.C. § 1338(a), 15 U.S.C. § 1121(a) and other federal statutes.

B. **THE PARTIES, PERSONAL JURISDICTION AND VENUE**

3. Plaintiff Athena is a Nevada corporation with its principal place of business at 1838 Eastman Avenue, Suite 200, Ventura, California.

4. On information and belief, defendant Timbo Trading Co. ("Timbo") is a California corporation doing business at 9352 Hyssop Dr., Rancho Cucamonga, California in this district.

5. On information and belief, defendant Yatong Zou ("Zou"), an individual, is CEO and CFO of defendant Timbo, and defendant Longting Lin ("Lin"), an individual, is defendant Timbo's corporate secretary. Zou's and Lin's business address is 9352 Hyssop Dr., Rancho Cucamonga, California, in this district.

6. Defendants Does 1 – 5 are Timbo's officers, directors, managing agents, employees or agents who contribute to Timbo's acts that are the subject of this lawsuit

7. Defendants Does 6 – 10 assist Timbo in advertising, selling or distributing products that are the subject of this lawsuit, or which they purchase from Timbo or a third party and distribute or transport those products in interstate commerce.

8. Does 1 – 10 do business in the United States and in this district.

9. "Defendants" mean Timbo, Zou, Lin and Does 1–10. All Defendants are subject to personal jurisdiction under Cal. Code Civ. Proc., § 410.10. and FED. R. CIV. P. 4 because Timbo is a California corporation, and Zou and Lin are California residents.

10. Venue is proper under to 28 U.S.C. § 1391(b) becaue because Timbo is a California corporation, and Zou and Lin are California residents. A substantial part of the events or omissions causing the claim also occurred in this district.

C. **FACTS**

11. Plaintiff Athena manufactures and sells cosmetics.

12. Since at least as early as February 21, 2006, Athena has used the mark R<small>E</small>-<small>VITA</small>L<small>ASH</small>® continuously on cosmetic preparations for eye lashes in California and throughout the United States.

13. Athena owns United States Trademark Registration No. 3,246,814, which issued May 29, 2007, for the mark R<small>EVITA</small>L<small>ASH</small>® for cosmetics preparations for eye lashes (the R<small>EVITA</small>L<small>ASH</small> registration). Exhibit 1 is a copy of the registration certificate.

14. Athena filed, and the Patent and Trademark Office accepted, declarations under Lanham Act §§ 8 and 15, 15 U.S.C. §§ 1058 and 1065, for the R<small>EVITA</small>L<small>ASH</small> registration. The registration is incontestable under 15 U.S.C. § 1065.

15. Athena owns United States Trademark Registration No. 3,526,373, which issued November 4, 2008, for the mark A<small>THENA AND</small> D<small>ESIGN</small>® for cosmetics preparations for eye lashes (the A<small>THENA</small> and Design registration). Exhibit 2 is a copy of the registration certificate.

16. Athena filed, and the Patent and Trademark Office accepted, declarations under Lanham Act §§ 8 and 15, 15 U.S.C. §§ 1058 and 1065, for the A<small>THENA</small> and Design registration. The registration is incontestable under 15 U.S.C. § 1065.

17. Athena owns United States Trademark Registration No. 3,413,360, which issued April 15, 2008, for the mark A<small>THENA</small> C<small>OSMETICS</small>® for cosmetics preparations for eye lashes (the A<small>THENA</small> C<small>OSMETICS</small> registration). Exhibit 3 is a copy of the registration certificate.

18. Athena filed, and the Patent and Trademark Office accepted, declarations under Lanham Act §§ 8 and 15, 15 U.S.C. §§ 1058 and 1065, for the A<small>THENA</small> C<small>OS</small>-<small>METICS</small> registration. The registration is incontestable under 15 U.S.C. § 1065.

19. Athena owns United States Trademark Registration No. 5,633,064, which issued December 18, 2018, for the mark E<small>TERNALLY</small> P<small>INK</small>® for charitable services, namely, promoting public awareness of breast cancer, breast cancer prevention,

breast cancer treatment, and breast cancer research; organizing and developing charitable projects that aim to promote breast cancer awareness, research and education; promoting public interest and awareness of breast cancer, breast cancer prevention, breast cancer treatment, and breast cancer research, cosmetics preparations for eye lashes (the ETERNALLY PINK registration). Exhibit 4 is a copy of the registration certificate.

20. Athena owns United States Trademark Registration No. 4,501,304, which issued March 25, 2014, for the mark REVITALASH ADVANCED® for cosmetics preparations for eye lashes (the REVITALASH ADVANCED registration). Exhibit 5 is a copy of the registration certificate.

21. Athena filed, and the Patent and Trademark Office accepted, declarations under Lanham Act §§ 8 and 15, 15 U.S.C. §§ 1058 and 1065, for the REVITALASH ADVANCED registration. The registration is incontestable under 15 U.S.C. § 1065.

22. Athena owns United States Trademark Registration No. 5,871,804 (the "RL Logo registration"), which issued October 1, 2019, for the mark shown to the right for Cosmetic pads; Cosmetic pencils; Cosmetic preparations for body care; Cosmetic preparations for skin care; Cosmetics; Cosmetics and cosmetic preparations; Cosmetics and make-up; Hair care creams; Hair care preparations; Hair conditioners; Hair masks; Hair mousses; Hair nourishers; Hair shampoos and conditioners; Hair sprays and hair gels; Non-medicated preparations all for the care of skin, hair and scalp; Non-medicated skin care preparations, namely, moisturizers, cleansers, masks, conditioners, creams, exfoliators, toners, make-up primers; lip care products, namely, lip primers and conditioners; eye brow products, namely, eyebrow liners, conditioners and strengtheners; eyelash products, namely, mascaras, lengtheners, conditioners, strengtheners; eye-care products, namely, eye creams, concealers, highlighters, and makeup; Eyebrow cosmetics. Exhibit 6 is a copy of the registration certificate.

23. Athena has sold products with the RL Logo throughout the United States since January 2018.

24. REVITALASH, ATHENA AND DESIGN, ATHENA COSMETICS, ETERNALLY PINK, REVITALASH ADVANCED and the RL Logo are called "Athena Trademarks." Over the past several years, Athena has built a strong reputation for the cosmetics it provides under the Athena Trademarks. Athena also has devoted substantial resources to promoting the goodwill of its Athena Trademarks. Athena has developed strong brand recognition for its Athena Trademarks cosmetics, and consumers associate the Athena Trademarks with Athena's cosmetics.

25. The Athena Trademarks are inherently distinctive and have acquired secondary meaning.

26. Except for the RL Logo, which issued in October 2019, Athena has used the registration symbol "®" consistently with its use of the Athena Trademarks before defendants began their counterfeiting infringing activities. Under 15 U.S.C. § 1111, Athena's use of the registration symbol puts Defendants on notice of the trademark and subjects them to liability for Athena's lost profits and other damages and for their profits, statutory damages, treble damages or profits, compensatory damages, punitive damages, pre-judgment interest, attorney fees, investigators' fees and costs from Defendants for each Athena Trademarks Defendants willfully and maliciously counterfeited.

27. Defendants' sale, offer for sale, distribution, promotion and advertisement of cosmetics bearing counterfeits and infringements of the Athena's Trademarks constitute federal trademark infringement and counterfeiting, false designation of origin and false description and unfair competition under California common law.

28. Athena also packages its REVITALASH brand cosmetics in distinctive packaging. The photograph below on the left, below shows bottles of REVITALASH products; the photograph on the right shows packaging for REVITALASH products with a REVITALASH dispenser.

 

29. The bottles and packaging have acquired secondary meaning to customers and potential customers of Athena as indicating Athena as the source of the goods.

30. Defendants' bottles and packaging shown in photographs identified in paragraph 28 infringe by using the trademarks REVITALASH, ETERNALLY PINK (shown on the side of the box on the right side of the photograph), and REVITALASH ADVANCED. Exhibit 7 is a copy of part of the insert of defendants' packaging, which show their use of Athena's ATHENA AND DESIGN trademark with its accompanying design.

31. Athena has marketed its Athena Trademarks brand cosmetics in trade dress having a blue, rectangular container having an angled top. This trade dress acquired secondary meaning so Athena customer recognize it as an Athena product. Defendants copied the trade dress to advertise and sell products.

32. Athena's customers and potential customers seeing Defendants' packaging are likely to be confused as to the source of the products.

33. Athena manufactures its Athena Trademarks brand cosmetics. It sells those products through exclusive distributors in territories in the United States and in other countries. No Defendant is an authorized distributor.

34. Athena has gone to great lengths to protect its name and enforce the Athena Trademarks.

35. In August 2019, Athena obtained a sample of the goods from an eBay store believed to be Timbo's and analyzed the packaging. The packaging was not actual Athena REVITALASH packaging. On information and belief, the ingredients also were lower quality.

36. Defendants either knew or through willful blindness choose not to inform themselves of the truth that Athena did not manufacture the REVITALASH goods they were selling.

37. Upon information and belief, long after Athena's adoption and use of the Athena Trademarks on its products and after Athena's federal registration of the Athena Trademarks, Defendants sold, offered for sale, distributed, promoted and advertised cosmetics in interstate commerce bearing counterfeits and infringements of the Athena Trademarks as they appear on Athena's products. The spurious marks or designations used by Defendants in interstate commerce are identical with, or substantially indistinguishable from, the Athena Trademarks on goods covered by the Athena Trademarks registrations.

38. Defendants calculated these acts to confuse and to deceive the public, and they performed them knowing about Athena's rights.

39. Defendants never have been associated, affiliated or connected with, or endorsed or sanctioned by Athena.

40. Athena never authorized or consented to Defendants' use of the Athena Trademarks or confusingly similar copies thereof.

41. Defendants' use of the Athena Trademarks or confusingly similar copies on their products is likely to cause consumers, the public and the trade to erroneously believe that the goods sold by Defendants emanate or originate from Athena, or that the items are authorized, sponsored, or approved by Athena, even though they are not. This confusion causes irreparable harm to Athena and weakens the distinctive quality of the Athena Trademarks.

42. By using counterfeits and infringements of the Athena Trademarks on Defendants' goods, Defendants are trading upon Athena's goodwill and reputation and are creating the false impression that Defendants' goods are Athena's legitimate products.

43. Defendants have been unjustly enriched by illegally using and misappropriating Athena's intellectual property for Defendants' own financial gain. Defendants unfairly benefited and profited from Athena's outstanding reputation for high quality products and its significant advertising and promotion of Athena cosmetics and the Athena Trademarks.

44. Athena lacks any control over the nature and quality of the products sold by Defendants bearing counterfeits and infringements of the Athena Trademarks.

45. Defendants' distribution, sale, offers of sale, promotion and advertisement of their products has and will: (i) reflect adversely on the Athena as the believed source of origin thereof; (ii) hamper continuing efforts by Athena to protect its outstanding reputation for high quality, originality and distinctive goods; (iii) and tarnish the goodwill and demand for genuine Athena Cosmetics and products.

46. Defendants' acts as constitute trademark counterfeiting in violation of Lanham Act § 32, 15 U.S.C. § 1114.

47. On information and belief, Defendants Zou, Lin and one or more of the Doe defendants contributorily infringed Athena Trademarks because they had contemporary knowledge that defendant Timbo or others associated with Defendants

provided goods with actual or constructive knowledge that they were engaging in trademark infringement

48. On information and belief, Defendants Zou, Lin and one or more of the Doe defendants corporate officers or directors took part in trademark and trade dress infringing activities or specifically direct Defendants employees to do so.

49. Defendants' acts constitute direct contributory and inducing trademark infringement in violation of Lanham Act, § 32, 15 U.S.C. § 1114.

50. Defendants acted with reckless disregard of Athena's rights or they were willfully blind to those rights in their unlawful activities. Therefore, this case constitutes an exceptional case under 15 U.S.C. § 1117(a) or a case of intentional counterfeiting under 15 U.S.C. § 1117(b).

51. Athena has suffered irreparable harm and damages because of Defendants' acts in an amount not determined. The injuries and damages sustained by Athena have been directly and proximately caused by Defendants' wrongful advertisement, promotion, distribution, sale and offers of sale of their goods bearing infringements or counterfeits of the Athena Trademarks.

52. Athena has no adequate remedy at law.

53. Defendants' wrongful acts including counterfeiting or infringing the Athena Trademarks will continue unless enjoined by the Court.

54. From the foregoing, Defendants are liable to Athena for: (a) statutory damages up to $2 million for each counterfeited trademark as 15 U.S.C. § 1117(c) provides, or, at Athena's election, an amount representing three times Athena's damage or Defendants' illicit profits; and (b) reasonable attorney fees, investigative fees and pre-judgment interest under 15 U.S.C. § 1117(b).

## SECOND CLAIM FOR RELIEF

## TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

55. Athena incorporates by reference its previous allegations.

56. This court has subject matter jurisdiction over this claim for relief under 28 U.S.C. § 1338(a), 15 U.S.C. § 1121(a) and other federal statutes.

57. Based on Athena's extensive advertising under the Athena Trademarks, its extensive sales and the wide popularity of Athena cosmetics, the Athena Trademarks acquired a secondary meaning so any product and advertisement bearing such trademarks are immediately associated by purchasers and the public as a product and affiliate of Athena.

58. Defendants used Athena Trademarks in interstate and foreign commerce in the purchase, sale, offers of sale, distribution, promotion and advertisement of goods bearing infringements or counterfeits of the Athena Trademarks.

59. Defendants used the Athena Trademarks, knowing they are the exclusive property of Athena, in their purchase, sale, offers for sale, distribution, promotion and advertisement of their goods.

60. Defendants' activities create the false and misleading impression that Athena sanctions, assigns or authorizes Defendants to use the Athena Trademarks to advertise, manufacture, distribute, appraise, offer for sale or sell cosmetics bearing the Athena Trademarks though Defendants are not so authorized.

61. Defendants engaged in the activity intending to confuse and deceive the public into believing that Defendants and the cosmetics they sell are sponsored, affiliated or associated with Athena, when they are not.

62. Defendants' use of one or more of the Athena Trademarks has been without Athena's consent, is likely to cause confusion and mistake in the minds of the public and tends to and does falsely create the impression that the goods advertised, promoted, distributed and sold by Defendants are warranted, authorized, sponsored or approved by Athena though they are not.

63. Defendants' unauthorized use of the Athena Trademarks has resulted in Defendants unfairly benefiting from Athena's advertising and promotion and profiting from Athena's and the Athena Trademarks' reputation to the substantial and irreparable injury of the public, Athena and the Athena Trademarks and the substantial goodwill.

64. On information and belief, Defendants Zou, Lin and one or more of the Doe defendants contributorily infringed Athena Trademarks because they had contemporary knowledge that defendant Timbo or others associated with Defendants provided goods with actual or constructive knowledge that they were engaging in trademark infringement

65. On information and belief, Defendants Zou, Lin and one or more of the Doe defendants corporate officers or directors took part in trademark and trade dress infringing activities or specifically direct Defendants employees to do so.

66. Each Defendant is liable to Athena for: (a) an amount representing three times Athena's damage or Defendants' illicit profits; and (b) reasonable attorney fees, investigative fees and pre-judgment interest under 15 U.S.C. § 1117.

### THIRD CLAIM FOR RELIEF

### FALSE DESIGNATION OF ORIGIN AND FALSE DESCRIPTION AND ADVERTISING

### (15 U.S.C. § 1125(a))

67. Athena incorporates by reference its previous allegations.

68. This court has subject matter jurisdiction over this claim for relief under 28 U.S.C. § 1338(a), 15 U.S.C. § 1121(a) and other federal statutes.

69. Defendants' advertisement, promotion, distribution, sales and offers of sales of their goods used and continue to use the Athena Trademarks.

70. Defendants' advertisement, promotion, distribution, sales and offers of sales of their goods used false designations of origin and false and misleading de-

scriptions and representations, including the Athena Trademarks, which falsely describe the origin, sponsorship, association or approval by Athena of the goods Defendants sells.

71. Defendants used one or more of the Athena Trademarks knowing of the falsity of such designations of origin, descriptions and representations, all to Athena's detriment.

72. Defendants' use of the Athena Trademarks constitutes false descriptions and representations falsely describing or representing Defendants and Defendants' products as authorized, sponsored, affiliated or associated with Athena.

73. Defendants' acts and packaging violations constitute the use in commerce of false designations of origin and false or misleading descriptions or representations, falsely or misleadingly describing or represent Defendants' products as those of Athena in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

74. Defendants, therefore, are liable to Athena for: (a) an amount representing three times Athena's damage or each Defendant's illicit profits; and (b) reasonable attorney fees, investigative fees and pre-judgment interest under 15 U.S.C. § 1117.

### FOURTH CLAIM FOR RELIEF
### (COMMON LAW UNFAIR COMPETITION)

75. Athena incorporates by reference its previous allegations.

76. This court has subject matter jurisdiction over this claim for relief under 28 U.S.C. § 1338(b) because it is a claim of unfair competition joined with a substantial and related claim under the trademark laws.

77. This is a claim against Defendants for unfair competition under California laws.

78. Athena has built up valuable goodwill in its Athena Trademarks and the distinctive appearance of its cosmetics, containers and packaging.

79. Athena has common law rights for the Athena Trademarks in California and throughout the United States.

80. Defendants' use of the Athena Trademarks is likely to and permits Defendants to palm off their goods as those of Athena, all to Athena's detriment and Defendants' unjust enrichment.

81. On information and belief, Defendants, knowing of the esteem the public holds for the Athena Trademarks and Athena products, intended to and traded on the goodwill associated with the Athena Trademarks and has misled and will continue to mislead the public into assuming a connection between Athena and Defendants' goods by their advertisement, promotion, distribution, sales and offers for sale of cosmetics which bear confusingly similar copies of the Athena Trademarks.

82. Defendants' unauthorized use of the Athena Trademarks caused and will likely continue to cause damage to Athena by tarnishing the valuable reputation and image associated with Athena and its goods. Defendants palmed off their goods and services as those of Athena by Defendants' labeling and misrepresentations to the public, members of which are likely to believe that Defendants' cosmetics emanate from or are associated with Athena.

83. Defendants' acts are likely to cause confusion and deceive the public on the source of their goods. Their goods falsely suggest a connection with Athena.

84. Defendants' conduct constitutes unfair competition in violation of California law.

85. Defendants' packaging violations under 21 C.F.R. § 701.12 are another act of unfair competition in violation of California law.

86. Defendants acted willfully and maliciously, subjecting them to an award of punitive damages under California law.

87. Because of these acts, Defendants are liable to Athena for: (a) compensatory damages or each Defendant's illicit profits; and (b) punitive damages in an amount sufficient to punish Defendants.

### REQUEST FOR RELIEF

88. WHEREFORE, Athena respectfully requests that the Court order judgment against Defendants for:

89. An injunction ordering Defendants, their agents, servants, employees, and all other persons in privity or acting in concert with them be enjoined and restrained from:

    (a) using any reproduction, counterfeit, copy, or colorable imitation of the Athena Trademarks to identify any goods or the rendering of any services not authorized by Athena;

    (b) engaging in any course of conduct likely to cause confusion, deception or mistake, or injure Athena's business reputation or weaken the distinctive quality of the Athena Trademarks;

    (c) using a false description or representation including words or other symbols falsely describing or represent Defendants' unauthorized goods as being those of Athena or sponsored by or associated with Athena and from offering such goods in commerce;

    (d) further infringing the Athena Trademarks by manufacturing, producing, importing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any products not authorized by Athena bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the Athena Trademarks or Athena's trade dress;

    (e) using any simulation, reproduction, counterfeit, copy or colorable imitation of the Athena Trademarks in the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of

any unauthorized products in such fashion as to relate or connect, or relate or connect, such products to Athena, or to any goods sold, manufactured, sponsored or approved by, or connected with Athena;

(f) making any statement or representation, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed, imported sold or offered for sale, or rented by Defendants are associated or connected with Athena; or is sold, manufactured, licensed, sponsored, approved or authorized by Athena;

(g) engaging in any conduct infringing the Athena Trademarks, of Athena's rights in, or to use or to exploit, the Athena Trademarks, or constituting any weakening of Athena's name, reputation or goodwill;

(h) using or continuing to use the Athena Trademarks or trade names or any variation thereof on the Internet (either in the text of a websites, as a domain name, or as a key word, search word, metatag, or any part of the description of the site in any submission for registration of any Internet site with a search engine or index) in any goods or services not directly authorized by Athena;

(i) hosting or acting as internet service provider for, or operating any websites, that offer for sale any products bearing the Athena Trademarks;

(j) using any email addresses to offer for sale any nongenuine products bearing counterfeits of the Athena Trademarks;

(k) having any connection with any websites that offer for sale any merchandise bearing counterfeits of the Athena Trademarks;

(1) secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any infor-

mation relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, or displaying of all unauthorized products which infringe the Athena Trademarks; and

(m) effecting assignments or transfers, forming new entities or associations or utilizing any other device to circumvent or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (1).

90. Within ten days of judgment, Defendants must take all steps necessary to remove from all websites they own or control all text or other media offering for sale any merchandise bearing counterfeits of the Athena Trademarks.

91. Within 30 days of judgment, Defendants must file and serve Athena with a sworn statement under 15 U.S.C. § 1116(a) detailing the manner and form in which Defendants has complied with this injunction.

92. Ordering Defendants to deliver up for destruction to Athena all unauthorized products and advertisements in their possession or under their control bearing the Athena Trademarks or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices and other means of production of them under 15 U.S.C. § 1118.

93. Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any products manufactured, sold or otherwise circulated or promoted by Defendants are authorized by Athena or related to Athena's products.

94. Requiring Defendants pay to Athena damages Athena sustained from Defendants' infringement of the Athena Trademarks and unfair competition and to account for all gains, profits and advantages derived by Defendants from the sale of their infringing merchandise bearing the Athena Trademarks and that the award to Athena be trebled as provided for under 15 U.S.C. § 1117; that Athena be awarded

statutory damages under 15 U.S.C. § 1117(c) of up to $2 million for each trademark Defendants willfully counterfeited and infringed.

95. Ordering Defendants to pay Athena's costs with reasonable attorneys and investigators fees and prejudgment interest under 15 U.S.C. § 1117.

96. Awarded punitive damages to Athena for Defendants' willful, malicious and bad faith conduct.

97. Directing this Court retain jurisdiction to enable Athena to apply to the Court at any time for such further orders and interpretation or execution of any order entered, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

98. Awarding to Athena such other and further just and proper relief, with the costs and disbursements Athena incurred.

March 2, 2020

/s/ Michael Harris
Michael Harris
SoCal IP Law Group LLP

Attorney for Plaintiff Athena Cosmetics, Inc.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable to a jury.

March 2, 2020

/s/ Michael Harris
Michael Harris
SoCal IP Law Group LLP

Attorney for Plaintiff Athena Cosmetics, Inc.